NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2539
_____

CAREN FREDERICK, on behalf of herself and all other class members similarly
situated

v.

LAW OFFICE OF FOX KOHLER & ASSOCIATES PLLC LLC, FKA National Legal
Center PLLC; ARTHUR M. KOHLER; ROSEANNA FOX; COMERICA BANK;
GLOBAL CLIENT SOLUTIONS LLC; JOHN DOE(S) 1-100 Said name of John Doe(s)
being fictitious


LAW OFFICE OF FOX KOHLER & ASSOCIATES PLLC LLC, FKA National Legal
Center PLLC; ARTHUR M. KOHLER; ROSEANNA FOX,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-19-cv-15887)
District Judge:  Honorable Noel L. Hillman
_____

Argued
January 28, 2021

Before:   JORDAN, MATEY, *Circuit Judges*
and BOLTON,[*] *District Judge.*

(Filed March 24, 2021)
_____

_____

[*] Honorable Susan R. Bolton, United States District Court Judge for the District of
Arizona, sitting by designation.

Vincent E. Gentile [ARGUED]
214 Carnegie Center, Suite 100
Princeton, NJ 08540
        *Counsel for Appellants*

Joseph M. Pinto [ARGUED]
POLINO AND PINTO, P.C.
720 East Main Street, Suite 1C
Moorestown, NJ 08057
        *Counsel for Appellee*

_____

OPINION**
_____

JORDAN, *Circuit Judge*.

The Law Office of Fox Kohler & Associates, P.L.L.C., Arthur M. Kohler, and Rosanna Fox (collectively, the "Law Firm") appeal the District Court's order denying a motion to compel arbitration. Because we conclude that the arbitration agreement at issue is valid and applies to statutory claims, we will vacate the order and remand with instructions to compel arbitration.

I.      **BACKGROUND**[1]

In 2013, Caren Frederick entered into a Professional Legal Services Agreement (the "Agreement") with the Law Firm to help negotiate her accounts with creditors, "[t]he

---

** This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Resolving the questions on appeal requires only our consideration of the Agreement's arbitration provision and choice of law provision. We accordingly limit the scope of the background to the information that is pertinent to our decision.

goal [being] to resolve each account, one by one, based on what the creditor agrees to settle for and [her] available reserves." (App. at 132a; App. At 107a, ¶ 14.) Six years later, she filed suit against the Law Firm for allegedly engaging in racketeering, consumer fraud, and unlawful debt adjustment practices, in violation of various New Jersey laws. Frederick brought the suit on behalf of herself and "a class composed of all citizens or residents of the State of New Jersey who executed agreements with or received services from, or on whose behalf was established trust or escrow accounts maintained or utilized by the [Law Firm] in a bank or other financial institution into which monies of the class members were transferred or deposited for the purpose of or relating to services provided by the [Law Firm] in connection with debt adjustment or credit counseling services." (App. at 73a-74a, ¶ 63.)

The Law Firm moved to compel arbitration pursuant to the following provision in the parties' Agreement:

> Each party agrees to enter into good faith discussions and if needed, allow up to 180 days to seek resolution prior to either party filing a formal complaint. Any dispute that cannot be resolved between the parties after 180 days must be resolved by binding arbitration that replaces the right to go to court before a judge or a jury which may limit each party's right to discovery and appeal. This agreement shall be submitted for binding arbitration in accordance with the rules of the American Arbitration Association [("AAA")]. Neither party may bring a class action suit or other representative action in court, nor bring any claim in arbitration as a class action or other representative action. The laws of the State of DE shall govern this agreement[.]

(App. at 109a, ¶ 32.) The District Court denied the Law Firm's motion. Notwithstanding the Agreement's Delaware choice of law provision, the Court

3

applied the law of the forum state, New Jersey, and held the Agreement's

arbitration provision to be unenforceable. The Law Firm has timely appealed.

## II.   DISCUSSION[2]

The Law Firm argues that the District Court erred in concluding that the

Agreement's arbitration provision is invalid. First, it contends that the arbitration

provision would have been found valid had the Court applied Delaware law in

accordance with the terms of the Agreement. Next, it argues that the Court's construction

of New Jersey law on arbitrability was erroneous. Lastly, it challenges the enforceability

of New Jersey law on arbitrability, contending that the Federal Arbitration Act ("FAA")

preempts it.

### A.   Choice of Law[3]

We "apply the choice of law rules of the forum state to determine what substantive

law will govern." *Huber v. Taylor*, 469 F.3d 67, 73 (3d Cir. 2006) (citation omitted). So,

here, we apply New Jersey's choice of law rules. However, "[b]efore a choice of law

question arises, there must first be a true conflict between the potentially applicable

bodies of law." *Id.* at 74 (citation omitted). A true conflict exists "when the application

---

[2] We have jurisdiction under 9 U.S.C. § 16(a)(1) to review an order denying a motion to compel arbitration. *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 228 (3d Cir. 2008) (citations omitted). The District Court had jurisdiction pursuant 28 U.S.C. § 1332(a).

[3] "Since choice of law analysis involves a purely legal question, we exercise plenary review." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 65 F.3d 314, 319 (3d Cir. 1995) (citation omitted).

of one or another state's law may alter the outcome of the case[.]" *In re Accutane Litig.*, 194 A.3d 503, 517 (N.J. 2018) (citation omitted).

The Law Firm contends that there is a true conflict between New Jersey and Delaware law concerning arbitration, with Delaware applying a more deferential standard for enforcing arbitration provisions. Delaware courts hold that a contract's general provision "for arbitration of all disputes" and its incorporation of "rules that empower arbitrators to decide arbitrability[,]" such as the AAA rules incorporated here, "evidences a clear and unmistakable intent to submit [all issues, including] arbitrability issues[,] to an arbitrator." *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 80 (Del. 2006). But New Jersey courts might well render that same contract language unenforceable because it "does not explain what arbitration is, nor does it indicate how arbitration is different from a proceeding in a court of law. Nor is it [necessarily] written in plain language that would be clear and understandable to the average consumer that she is waiving statutory rights." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 315 (N.J. 2014); *see also id.* at 313 ("[A]n average member of the public may not know—without some explanatory comment—that arbitration is a substitute for the right to have one's claim adjudicated in a court of law."). It therefore appears that there is a true conflict between Delaware and New Jersey law on this point. Despite that, however, we need not decide which state's law applies because, even under the more stringent rule for enforcing arbitration agreements, the Law Firm prevails. We will therefore assume for purposes of analysis that New Jersey law applies.

**B.     Arbitrability**[4]

"Because the underlying principle of all arbitration decisions is that arbitration is strictly a matter of consent, the FAA requires courts to enforce arbitration agreements according to their terms." *In re Remicade Antitrust Litig.*, 938 F.3d 515, 519 (3d Cir. 2019) (internal quotation marks and citations omitted). In doing so, we "must consider two gateway questions: (1) whether the parties have a valid arbitration agreement at all (i.e., its enforceability), and (2) whether a concededly binding arbitration [agreement] applies to a certain type of controversy (i.e., its scope)." *Id.* (quoting *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416-17 (2019)) (internal quotation marks and other citations omitted). State law governs both gateway questions, but "due regard must be given to the federal policy favoring arbitration." *Jaludi v. Citigroup*, 933 F.3d 246, 255 (3d Cir. 2019) (citation omitted). Accordingly, we employ a presumption of arbitrability at the second gateway question. *Id.*

### 1.     The arbitration provision is valid

When "an average member of the public may not know—without some explanatory comment—that arbitration is a substitute for the right to have one's claim adjudicated in a court of law[,]" New Jersey "courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent." *Atalese*, 99 A.3d at 313. While "[n]o particular form of

---

[4] "We exercise plenary review over questions of law concerning the applicability and scope of arbitration agreements." *Zimmer*, 523 F.3d at 228 (citation omitted).

words is necessary to accomplish a clear and unambiguous waiver of rights[,]" an arbitration provision will pass muster if it, "at least in some general and sufficiently broad way, … explain[s] that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute." *Id.* at 314-16.

That standard is met here. The Agreement's arbitration provision explains that arbitration "replaces the right to go to court before a judge or jury" and further states that arbitration "may limit each party's right to discovery and appeal." (App. at 109a, ¶ 32.) Additionally, it states that "[a]ny dispute that cannot be resolved between the parties after 180 days *must* be resolved by binding arbitration" and that the Agreement "*shall* be submitted for binding arbitration in accordance with the rules of the American Arbitration Association[,]" thereby both clarifying that arbitration is the singular way for the parties to resolve their disputes and establishing the rules that will govern the arbitration. (App. at 109a, ¶ 32 (emphases added).) The Agreement's arbitration provision makes "clear and understandable to the average consumer" that she is waiving her right to bring suit in a judicial forum. *Atalese*, 99 A.3d at 315. We, therefore, conclude that the arbitration provision is enforceable.

### 2. The arbitration provision includes statutory claims

The arbitration provision is also "sufficiently broad to encompass reasonably [Frederick's] statutory causes of action." *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 883 (N.J. 2002). It expressly includes "[a]ny dispute that cannot be resolved between the parties after 180 days[.]" (App. at 109a, ¶ 32.) That provision is "'clear and unambiguous' in [its] intent and purpose to inform the reader that all disputes must be

7

presented in an arbitral forum, not a court." *Curtis v. Cellco P'ship*, 992 A.2d 795, 802 (N.J. Super. Ct. App. Div. 2010) (citations omitted). Moreover, New Jersey courts have consistently held that such broad language will encompass statutory claims, particularly in the absence of "a limiting reference to a contract." *See Moon v. Breathless Inc.*, 868 F.3d 209, 216 (3d Cir. 2017) (applying New Jersey law and noting that "the court found that the contract was sufficiently broad because … it did not make a limiting reference to a contract"); *compare Martindale*, 800 A.2d at 884 ("[T]he arbitration provision here does not contain any limiting references[.]"), *with Curtis*, 992 A.2d at 802.

Hence, the Agreement's arbitration provision is enforceable as to both contractual and statutory claims, and Frederick must resolve her claims in arbitration with the Law firm, according to the terms of the Agreement.[5]

## III. CONCLUSION

For the foregoing reasons, we will vacate the District Court's order denying the Law Firm's motion to compel arbitration and remand with instructions to grant the motion.

---

[5] Consequently, we do not address the Law Firm's remaining argument regarding preemption.